**Jennifer MCNALLY, Plaintiff–Appellant,**

v.

**POSTERLOID CORPORATION, Defendant–Appellee.**

**Docket No. 04–4976–CV.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

James M. Maloney, Port Washington, NY, for Appellant.

Rebecca Lyn Williams, Troutman Sanders LLP, Atlanta, GA, for Appellee.

Present: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Jennifer McNally appeals from an order of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) granting the defendant Posterloid Corporation's motion for summary judgment as to McNally's claim that she was subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. The district court dismissed McNally's claim after concluding that "a jury could only conclude that Posterloid had taken prompt action reasonably calculated to prevent further harassment."

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to McNally. *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), *cert. denied sub nom. City of N.Y. v. Tenenbaum,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). Summary judgment is appropriate when "there is no genuine issue as to any material fact ... and the moving party is

entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A plaintiff claiming a hostile work environment must establish that the "workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (citations omitted). If the environment is sufficiently hostile, summary judgment may still be appropriate if a plaintiff fails to establish "'that a specific basis exists for imputing the conduct that created the hostile environment to the employer.'" *Richardson v. N.Y. State Dep't of Correctional Srv.,* 180 F.3d 426, 436 (2d Cir.1999) (quoting *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir.1997)). "[A]n employer is responsible for acts of sexual harassment in the workplace where the employer ... knows or should have known of the conduct, unless it can show that it took immediate and appropriate corrective action." 29 C.F.R. § 1604.11(d).

Although the district court found that McNally had established a genuine issue of fact as to whether her work environment constituted a hostile environment, and also whether the creation of such environment resulted from her sex, it concluded that there was no basis for imputing Posterloid employee Jose Garcia's conduct to Posterloid. We agree.

After a thorough review of the record, we conclude that the district court did not err in concluding that Posterloid's actions immediately following McNally's sexual assault were such that, as a matter of law, McNally's assailant's actions cannot be imputed to Posterloid. The district court's conclusion, among other things, that Posterloid "did immediately pull Garcia's timecard, met with and took written

statements from both parties, and separated McNally and Garcia in the workplace pending further investigation" did not result from an improper resolution of an issue of fact in favor of Posterloid.

Although McNally testified that she was upset upon seeing Garcia at work the day after the assault, she also testified that he was in a different area of the facility and that her supervisor warned her not to go anywhere unescorted. McNally also acknowledged that although she initially was surprised and disturbed that Garcia was at work the next day, she had "totally forgot[ten] about the written statements" that Posterloid had to obtain from Garcia. As McNally acknowledged, "I forgot we had to do that procedure."

Furthermore, any inconsistency in testimony as to whether Garcia was actually working the day after the assault, rather than merely present at the factory, was not material to the district court's determination that Posterloid took effective corrective action. There was no dispute as to whether Garcia was present at work the next day. A dispute over whether or not Garcia was also performing his job duties that day does not alter our assessment that there is no evidence that would support a finding that Posterloid did not take immediate and appropriate corrective action, and therefore no such disputed fact precluded the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

McNally has thus failed to provide evidence establishing a genuine dispute as to any material fact. We conclude, therefore, that the district court properly rejected McNally's argument that Posterloid's post-incident actions created a hostile work environment.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.